IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America )<br>)<br>v. )<br>)<br>Takera A. Degree, )<br>)<br>Defendant. )<br>_____ ) | CR. No. No.7:23-cr-00452-DCC-1<br><br>**OPINION AND ORDER** |

This matter is before the Court on Defendant Takera A. Degree's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29 or Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33. ECF No. 91. The Government filed a Response in Opposition. ECF No. 92. For the reasons set forth below, Defendant's Motions are denied.

## **BACKGROUND**

On June 13, 2023, Defendant was charged with while being a Postal Service employee, stealing and removing from letters, articles and things contained therein entrusted to her and which came into her possession intended to be conveyed by mail, in violation of 18 U.S.C. § 1709. ECF No. 2 at 1. The case proceeded to a jury trial on March 5–6, 2024. ECF Nos. 82, 86. After the Government finished presenting its case, Defendant moved for Judgment of Acquittal under Federal Rule of Criminal Procedure 29. ECF No. 86. The Court denied the Motion with leave to renew the Motion after the close of evidence or post-trial. *Id.* The Court denied the Motion, and subsequently the jury returned a guilty verdict. ECF Nos. 86, 88. Thereafter, Defendant renewed her

Motion for Judgment of Acquittal and made an oral Motion for New Trial.  ECF No. 86.  The Court directed Defendant to file any documents related to her Motions within 14 days.  *Id.*  On March 20, 2024, Defendant filed a Motion for Judgment of Acquittal or a Motion for New Trial.  ECF No. 91.  On March 25, 2024, the Government filed a Response in Opposition.  ECF No. 92.  The Motions are now before the Court.

## **APPLICABLE LAW**

*Motion for Judgment of Acquittal*

Federal Rule of Criminal Procedure 29 provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c)(1).  "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt."  *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982).  "In determining the issue of substantial evidence, the court neither weighs the evidence nor considers the credibility of witnesses."  *United States v. Gillion*, CR. No. 3:10-cr-00834-JFA, 2011 WL 3471485, at *2 (D.S.C. Aug. 8, 2011) (citing *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983)).  "This court must give the government 'the benefit of all reasonable inferences from the facts proven to those sought to be established.'"  *United States v. McKenzie*, CR. No. 3:07-cr-00155-JFA, 2008 WL 11429774, at *1 (D.S.C. Apr. 25, 2008) (quoting *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982)).

*Motion for New Trial*

Federal Rule of Criminal Procedure 33 provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  A motion for a new trial under Rule 33 must be filed within 14 days of the verdict, except for a claim of newly discovered evidence.  Fed. R. Crim. P. 33(b)(2). "When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).  "In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government" and "may evaluate the credibility of witnesses." *Id.*  However, a trial court "should exercise its discretion to grant a new trial sparingly," and should grant it "only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (quoting *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotation marks omitted)); *see also United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (noting "a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it") (quoting *Perry*, 335 F.3d at 320)).

## DISCUSSION

Defendant requests a judgment of acquittal or new trial because she contends that her uncorroborated confession as testified to by Agents King and Hale at trial is insufficient, without more, to sustain a "conviction for theft of mail under 18 U.S.C. § 1709[.]" ECF No. 91 at 3–4.  Defendant argues that the Government presented her

3

confession as the sole evidence that she "'stole, abstracted, or removed any article or thing contained in a letter, package, bag, or mail.'" *Id.* at 3. Defendant relies on the corpus delicti doctrine, which Defendant alleges "requires that a conviction must rest on more than a defendant's uncorroborated confession." *Id.*

In contrast, the Government contends that it "offered substantial evidence—direct and circumstantial—on all three elements of the offense." ECF No. 92 at 3. The Government relies on various evidence and testimony introduced at trial including but not limited to (1) United States Postal Service ("USPS") customers testifying that items mailed from the Gaffney Post Office never reached their intended destination, including the envelopes themselves and the contents contained therein, (2) Vivian Huskey testifying "that she was able to obtain a refund from Chick-fil-A on many of the gift cards but not all of them[,]" (3) Teresa Pruitt testifying about Defendant's alleged odd behavior, including "that [Defendant] would often show [Ms. Pruitt] . . . new clothes or a new electronic item she allegedly purchased[,]"and (4) Agents King and Hale testifying that they interviewed Defendant and during the interview, she "admitted that she did take mail from the post office, opened the envelopes, rifled through the contents, and remembered seeing a $15 Chick-fil-A gift card while doing so." *Id.* at 4–5. The Government asserts it did not only provide the agents' testimony as evidence of the second element of the offense and that the evidence cited above, taken together, provided substantial evidence the jury could have relied on in reaching a guilty verdict. *Id.* at 5. Lastly, the Government contends that Defendant's reliance on the corpus delicti doctrine is misplaced because it allegedly does not apply when other evidence establishes the trustworthiness of the statement or confession. *Id.* at 6.

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court denies Defendant's Motions.

I.    **Motion for Judgment of Acquittal**

18 U.S.C. § 1709 provides that:

> Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined under this title or imprisoned not more than five years, or both.

*Id.*  The indictment charged that:

> From in or about and between January 2023 to in or about March 2023, . . . [Defendant] . . . being a Postal Service employee, did steal and remove from letters, articles and things contained therein entrusted to her and which came into her possession intended to be conveyed by mail.

ECF No. 2 at 1.  In this case, the jury convicted Defendant under 18 U.S.C. § 1709.  ECF No. 88.  The Government presented ample evidence from which the jury could find that Defendant, while being a Postal Service employee, stole and removed "from letters, articles and things contained therein entrusted to her and which came into her possession intended to be conveyed by mail."  Specifically, multiple USPS employees testified that Defendant worked at the Gaffney Post Office in South Carolina.  USPS customers testified that they mailed items from the Gaffney Post Office and that the items never reached their intended destination.  One customer, Vivian Huskey, testified that she was unable to obtain a refund from Chick-fil-A on some of the gift cards she mailed; two gifts

5

cards were used and, thus, unable to be refunded. Teresa Pruitt, Defendant's co-worker at the Gaffney Post Office, testified to Defendant's odd behavior, which included showing Ms. Pruitt new items she allegedly purchased. In addition, Ms. Pruitt testified that Defendant acted abnormally on the day "money bags" went missing. Defendant allegedly parked her vehicle beside the mail truck containing the "money bags" rather than the area designated for employee parking. The following day, Defendant showed Ms. Pruitt a large amount of cash. Lastly, federal agents testified that they interviewed Defendant about the missing mail. During the interview, Defendant confessed to stealing mail from the Gaffney Post Office and accessing the contents of the mail. Defendant specifically recalled seeing a Chick-fil-A gift card in the amount of $15.00 and informed the federal agents that she disposed of the stolen envelopes and contents contained therein at convenience stores trash cans and trash cans located at Dollar General. The Government also introduced into evidence videos that depicted Defendant sorting colored envelopes separately from other envelopes and placing the colored envelopes into a string backpack she carried on her person. With respect to Defendant's argument that the conviction violates the corpus delicti doctrine, the Court finds that sufficient evidence, as discussed above, "establish[es] the trustworthiness of [Defendant's] statement." *United States v. Abu Ali*, 528 F.3d 210, 235 (4th Cir. 2008) (quoting *Opper v. United States*, 348 U.S. 84, 93 (1954)). Viewing the evidence in the light most favorable to the Government, the Court finds that substantial evidence exists to support the jury's verdict finding Defendant guilty beyond a reasonable doubt of the charged offense.

II.     **Motion for New Trial**

For these same reasons, the Court finds that Defendant's Motion for New Trial

must be denied. Even applying the Court's broader authority of review under Federal Rule of Criminal Procedure 33 and evaluating the credibility of the witnesses that testified at trial, the Court finds that the record, as set forth above, demonstrates that the Government put forth sufficient evidence to support Defendant's conviction. Accordingly, this case does not present a "rare circumstance" requiring the Court to grant a new trial. *See Smith*, 451 F.3d at 217.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Judgment of Acquittal or Motion for New Trial [91] are **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

April 25, 2024
Spartanburg, South Carolina